**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ROBERT HAGUE-ROGERS, #42778-177 | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:14-CV-4198-L-BK |
| | § | (3:11-CR-0038-L-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the motion be denied.

**I. BACKGROUND**

Pursuant to a plea agreement with an appellate-rights waiver, Petitioner pled guilty to superseding information charging him with conspiracy to commit healthcare fraud and theft or embezzlement from an employee benefit plan, and was sentenced to 120 months' imprisonment and ordered to pay $12,863.890.52 in restitution. His direct appeal was subsequently dismissed for want of prosecution. *See United States v. Hague-Rogers*, No. 12-11151 (5th Cir. Jan. 23, 2014), *available at* Crim. Doc. 94. In this timely section 2255 motion, Petitioner challenges the voluntariness of his guilty plea and asserts ineffective assistance of counsel, prosecutorial misconduct, and actual innocence. Doc. 2. The government argues the section 2255 motion lacks merit, and Petitioner has filed a reply. Doc. 5; Doc. 8. Petitioner also seeks to be released pending disposition of his section 2255 motion. Doc. 9.

**II. ANALYSIS**

After conviction and exhaustion or waiver of the right to direct appeal, the Court

presumes that a petitioner stands fairly and finally convicted.  *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)).  Under section 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude."  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

### A. Procedural Defaulted Claims (Claims 2 and 3)

Petitioner asserts his guilty plea was not knowing and voluntary and that the prosecutor engaged in misconduct.  Having failed to raise these claims on direct appeal, the Court agrees with the Government that they are procedurally defaulted, absent a showing of cause and prejudice or that the petitioner is "actually innocent" of the crime for which he was convicted. *See United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (*citing United States v. Frady*, 456 U.S. 152, 168 (1982)); *Bousley v. United States,* 523 U.S. 614, 621 (1998) (voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review); *United States v. Alanis*, 88 Fed. App'x 15, 22 (5th Cir. 2004) (prosecutorial misconduct claim must first be raised on direct appeal).

Petitioner does not satisfy the cause-and-actual prejudice exception to excuse his failure to raise either claim on direct appeal.  He asserts that appellate counsel failed to file an appeal as Petitioner requested, Doc. 8 at 11, and advised Petitioner that he could not raise the issues on appeal, Doc. 2 at 12-13.  However, the docket sheet reflects that counsel filed a timely appeal, and that the appeal was not dismissed until after Petitioner advised he did not want to proceed. *See United States v. Hague-Rogers*, No. 12-11151 (5th Cir. Jan. 23, 2014) (dismissing appeal for want of prosecution), Crim. Doc. 94; *Unopposed Motion for Extension of Time to File Appellant's Brief*, filed January 10, 2014, *available at* http://coa.circ5.dcn/ViewCase.aspx (by

entering appeal number and selecting docket entries).  Even assuming that cause exists to excuse the procedural default, Petitioner does not demonstrate that he will suffer actual prejudice because he fails to establish meritorious claims as discussed more fully below.  Likewise, he has not shown that he is actually innocent.  *See* discussion *infra*.

### B. <u>Voluntariness of Guilty Plea</u> (Claim 2)

Petitioner challenges the voluntariness of his guilty plea.  Specifically he asserts that the plea agreement was not discussed and that he "did not understand the charges against him . . . the consequences" of pleading guilty and the essential elements as required by Rule 11, or what "it meant to be a member of a conspiracy." Doc. 2 at 9-10.  Petitioner avers that he claimed his innocence from the outset of the case, but that "through fear and threats he was told to plead guilty." Doc. 2 at 9-10.  He also claims defense counsel and the prosecutor "worked together to coerce" him into pleading guilty "with fears and threats and created prejudice." Doc. 2 at 9-10.

A guilty plea must be knowingly, voluntarily, and intelligently made to be constitutionally valid.  *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000).  In determining the voluntariness of a plea, the court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel.  *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007).

A defendant ordinarily may not refute his sworn testimony given at a plea hearing while under oath.  *Cervantes*, 132 F.3d at 1110.  Declarations made under oath in open court carry a strong presumption of truth, forming a formidable barrier to relief in any subsequent collateral proceedings.  *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  A defendant must also overcome the presumption of regularity and "great evidentiary weight" accorded court records.  *See United*

*States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether plea is entered voluntarily and knowingly).

      Here, the only conclusion supported by the record is that Petitioner's guilty plea was knowing and voluntary.  During the Rule 11 hearing, Petitioner assured the Court under oath that he understood the essential elements and admitted committing each of them.  *See* Rearraignment Tr., Crim. Doc. 96 at 10-12.  He confirmed that (1) he had reviewed the plea agreement with counsel, that he understood all of its provisions -- including waiver of his right to appeal and to seek collateral relief; (2) no one had made any promises to cause him to enter into the plea agreement; and (3) he was pleading guilty freely and voluntarily.  Crim. Doc. 96 at 12-13, 15-16. In addition, Petitioner confirmed that he had reviewed the factual resume before signing it, and he agreed the stipulated facts were true.  Crim. Doc. 96 at 16-17.  He averred that he was fully satisfied with his counsel's advice.  Crim. Doc. 96 at 12.  Petitioner also understood that only the Court would determine and assess the sentence *after* considering the Presentence Report (PSR) and consulting the Sentencing Guidelines.  Crim. Doc. 96 at 6-7.

      Moreover, Petitioner had abundant time after the entry of his guilty plea and through sentencing, more than a year later, to advise the Court that his guilty plea was involuntary and coerced, and/or that he was dissatisfied with defense counsel's conduct.  Yet, at sentencing, Petitioner voiced no objection or concerns about his plea or his counsel's advice or his allegedly deficient performance.  Crim. Doc. 93.

      In his reply, Petitioner states that his guilty plea was induced by threats and promises from counsel, including a threats that Petitioner "would get more time" if he did not plead guilty. (Doc. 8 at 3, 13).  Petitioner's assertions are self-serving and conclusory.  Moreover, his

4

aforementioned sworn statements during re-arraignment negate each of his allegations. Additionally, counsel's advice that Petitioner would face a higher sentence if he did not plead guilty did not amount to a threat.  *See United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002) (defense attorney's prediction of a harsh sentence at trial did not alone render a guilty plea involuntary and plea colloquy should control).  "A defense attorney should make informed predictions about the consequences of either pleading guilty or going to trial." *Id.*  Here, where Petitioner faced a nine-count superseding indictment (including wire fraud, healthcare fraud, theft or embezzlement from employee benefit plan, and conspiracy), an accurate assessment of his sentencing exposure was important.  Crim. Doc. 20.

Furthermore, as noted above, Petitioner confirmed under oath that no one had coerced, forced, or threatened him in any way to enter his guilty pleas, nor had anyone made any promises to cause him to enter into the plea agreement.  Moreover, it is well established that a guilty plea is not rendered invalid merely because it is motivated by fear of greater punishment.  *United States v. Araiza*, 693 F.2d 382, 384-385 (5th Cir. 1982) (citing *Bordenkircher v. Hayes,* 434 U.S. 357 (1978); *Flores v. Estelle,* 578 F.2d 80, 85 (5th Cir.1978)).

Thus, the record of this case, including Petitioner's sworn testimony at his re-arraignment hearing, clearly establish that Petitioner was fully competent and capable of entering an informed guilty plea, that his plea was knowing and voluntary and supported by an independent factual basis, and that Petitioner understood fully that he was waiving his right to appeal and to seek collateral relief under section 2255.  Accordingly, Petitioner's claims challenging the voluntariness of his guilty plea fail.

## C. Ineffective Assistance of Counsel (Claims 1)

To establish ineffective assistance of counsel, a petitioner must show that counsel's

performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. To prove the deficient performance prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* To prove prejudice, in the context of a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

As the Government correctly notes, Petitioner's ineffective assistance of counsel claims are conclusory and should be summarily dismissed. Petitioner's bare assertions in his section 2255 motion and reply [Doc. 2 at 5-6; Doc. 8 at 2-4, 9-10, 12] that counsel failed to investigate the case, present a "grouping argument" and mitigating evidence at sentencing, and "subject the prosecution's case to meaningful adversarial testing" are clearly vague and insufficient to plead a Sixth Amendment claim. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim). Without any specific allegation explaining what counsel did or failed to do, Petitioner cannot raise an issue of constitutional import. Indeed, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Pineda*, 988 F.2d at 23 (quotations and quoted case omitted); *see also Ross*

*v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

Nevertheless, each of the proposed claims fails on the merits. Petitioner has not only failed to show with specificity what an investigation would have revealed, but also how it would have altered the outcome of his plea. *See United States v. Curtis*, 769 F.3d 271, 276, 277-278 (5th Cir. 2014), *cert. denied,* 135 S. Ct. 691 (2014) (cited cases omitted) ("To establish [a] failure to investigate claim, [a defendant] must allege with specificity what the investigation would have revealed *and how it would have benefitted him.*") (quoted case omitted, emphasis in original). Regarding the "grouping argument," Petitioner merely asserts that "[t]he government grouped everyone in his case." Doc. 8 at 4. Likewise, Defendant fails to specify the mitigating evidence that counsel should have presented, or identify any strategy or area of adversarial testing that counsel should have developed, and how either would have altered the outcome of his case. Neither of these conclusory allegations is sufficient to plead or support a claim of ineffective assistance of counsel.

Additionally, Petitioner maintains that, in general, counsel "gave bad advice and misleading advice throughout the entire case." Doc. 2 at 6. In his reply, he maintains counsel "told the [him] to plea[d] guilty or he would get more time" and that "he [counsel] will not do anything on his case." Doc. 8 at 3. However, even assuming deficient performance, Petitioner fails to demonstrate prejudice, namely that but for his counsel's alleged erroneous advice, he would not have pleaded guilty and would have insisted upon going to trial. *Hill,* 474 U.S. 52, 59 (1985). And again, this contradicts his sworn averment at rearraignment that he was fully satisfied with the advice and representation he had received from counsel. Crim. Doc. 96 at 12.

Accordingly, Petitioner's ineffective assistance of counsel claims fail.

### D. Prosecutorial Misconduct (Claim 3)

Next, Petitioner asserts prosecutorial misconduct.  The heart of his claim is that the prosecutor "continuously threatened the witnesses and munipulated [sic] his attorney to force a plea agreement."  Doc. 2 at 16.  In his reply, Petitioner avers the government

> threatened the Defendant at such a degree that they told him that they not only
> would destroy him, they would destroy his family.  The government threatened
> the Defendant's family to the point they were afraid to go to their mother's
> funeral: further, the Defendant's family is also afraid to visit him. This truly is a
> miscarriage of justice.

Doc. 8 at 6.  In his reply, he also maintains "the government threatened many of the witnesses," and intruded in the "attorney client relationship" to force the defendant to plead guilty.  Doc. 8 at 15.  However, Petitioner presents only conclusory allegations and no evidence of prosecutorial misconduct – far less than is required to overcome the evidence of regularity established by the record of the guilty plea proceedings.  Accordingly, this claim is not only procedurally barred, but it also fails on the merits.

### E. Actual Innocence (Claim 4)

Lastly, despite the fact that he pled guilty to the charges in this case, Petitioner requests the Court to consider a claim of actual innocence as a stand-alone claim as well as to overcome the procedural bar to consideration of his procedurally barred claims.  In *McQuiggin v. Perkins*, ––– U.S. ––––, 133 S. Ct. 1924, 1928 (2013), the Supreme Court restated that actual innocence may provide "a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."  *Id.* (citing *Schlup v. Delo*, 513 U.S. 298 (1995); *House v. Bell*, 547 U.S. 518 (2006)).  However, the Court cautioned that "tenable actual-innocence gateway pleas are rare."  *Id.*  To meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely

than not that no reasonable juror would have convicted him in the light of the new evidence.'"

*Id.* at 1928, 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also* House, 547 U.S. at 538 (emphasizing that the *Schlup* standard is "demanding" and seldom met).

      Here, Petitioner offers no new evidence, let alone credible evidence, that would undermine this Court's confidence regarding the finding of guilt.  He admitted his guilt at re-arraignment as well as in the plea agreement, where he affirmed that it was in his best interest to plead guilty because "he [was] guilty."  Crim. Doc. 27 at 6.  Petitioner also advised the Court that he had reviewed and understood the factual resume, and that the facts contained therein were true and correct.  Crim. Doc. 96 at 16-17.  Moreover, his filings merely assert that his actions were legal, that the government wrongfully accused him of creating a Ponzi scheme, and that he "claimed his actual innocence from the beginning of his indictment."  Doc. 2 at 19; Doc. 8 at 7-6.  Thus, even liberally construing his assertions, Petitioner presents no convincing claim of actual innocence beyond mere conclusory allegations.  Accordingly, this claim has no merit.

### F. Motion for Release Pending Disposition of Section 2255

      Lastly, Petitioner seeks release pending disposition of his § 2255.  However, he raises neither "a substantial constitutional claim," as discussed above, nor any "extraordinary or exceptional circumstances" that necessitate his release to make the post-conviction remedy effective.  *See United States v. Vogel*, 595 Fed. App'x 416 (5th Cir. 2015) (citing *Calley v. Callaway,* 496 F.2d 701, 702 (5th Cir. 1974) (per curiam)).  Therefore, his motion should be denied as meritless.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the section 2255 motion and

Petitioner's motion for release pending disposition of the section 2255 [Doc. 9] be **DENIED**.

SIGNED November 2, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE