**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERT HAGUE-ROGERS, #42778-177,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:14-CV-4198-L** |
| | § | Criminal Action No. **3:11-CR-38-L-1** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| Respondent. | § | |

**ORDER**

Before the court are Petitioner Robert Hague-Rogers's ("Petitioner") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 2), filed November 25, 2014, and Motion to Request Release Pending Appeal (Doc. 9), filed July 13, 2015. The motions were referred to Magistrate Judge Renee Harris Tolliver, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on November 2, 2015, recommending that the court deny Petitioner's motions. Petitioner filed a response to the Report. The court will construe the issues raised in Petitioner's response as objections to the Report.

On October 30, 2012, Petitioner was sentenced to a term of 60 months on Counts One and Two of the Superseding Indictment to be served consecutively after he pleaded guilty on both counts. Pursuant to his plea agreement, Petitioner pleaded guilty to conspiracy to commit theft or embezzlement from an employee benefit plan, and conspiracy to commit healthcare fraud. Petitioner appealed his sentence. On January 23, 2013, his direct appeal was dismissed for want of prosecution. Petitioner then timely filed his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C § 2255. In his motion, Petitioner seeks to vacate his sentence on the basis of ineffective assistance of counsel, prosecutorial misconduct, actual innocence, and the

voluntariness of his guilty plea. Petitioner also seeks release pending the disposition of his section 2255 motion.

The Report concludes that Petitioner's claims for prosecutorial misconduct and voluntariness of his guilty plea are procedurally defaulted because Petitioner failed to raise them in his direct appeal. The Report further concludes that all of Petitioner's claims lack merit. Petitioner objections to the Report reassert the contentions in his motion to vacate his sentence and reply in support.

Having reviewed the file and record in this case and having made a de novo review of those portions of the Report to which Petitioner objected, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **overrules** Petitioner's objections to the Report. Accordingly, the court **denies** Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 2), and **denies as moot** Petitioner's Motion to Request Release Pending Appeal (Doc 9).

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), the Court **denies** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[*]

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings reads as follows:

If petitioner files a notice of appeal, petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**It is so ordered** this 1st day of February, 2016.

Sam A. Lindsay
United States District Judge

---

**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
(**b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.